UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **RUBY GORDON-PHILLIPS,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**ILLINOIS STATE POLICE,** )<br>)<br>**Defendant.** ) | **Case No. 05-CV-2063** |

## OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#19) filed by Defendant, Illinois State Police. This court has carefully reviewed the arguments of the parties and the documents provided by the parties. Following this careful and thorough review, Defendant's Motion for Summary Judgment (#19) is GRANTED.

## FACTS[1]

Plaintiff, Ruby Gordon-Phillips, was hired by Defendant in 1978. Plaintiff is an African American female. Plaintiff initially worked as a telecommunicator in Pesotum, Illinois. In 1989, Plaintiff transferred to the Champaign, Illinois, investigations office in a clerical position. On December 23, 2002, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights. Plaintiff alleged in her charge that she was not promoted to an Administrative Assistant I position because of her race and age. On April 18, 2003, Plaintiff filed an amended charge of discrimination and claimed retaliation. On September 3, 2003, Plaintiff signed a settlement agreement which settled both of her

---

[1] The facts recited are taken from the parties' statements of undisputed facts and the documents submitted by the parties, including deposition transcripts.

charges of discrimination. As part of the settlement agreement, Defendant agreed to promote Plaintiff to the position of Administrative Assistant I. Plaintiff's promotion to this position became effective on November 1, 2003.

On January 1, 2004, Bruce Zywiec was assigned to Zone 5 of the Illinois State Police in Champaign, Illinois, as the commander. Zywiec became Plaintiff's supervisor at that time. Plaintiff testified that she was the supervisor of Nancy Shunk, who was an office coordinator in the Champaign office. Shunk retired on April 30, 2004. Zywiec testified that, shortly after he arrived at Zone 5, Plaintiff advised him that she had previously filed an EEOC charge of discrimination against Defendant.

Zywiec testified that, within the first few weeks after he moved to Zone 5, he noticed that Plaintiff had a "pungent odor." Zywiec spoke to Russ Perkins about it and Perkins told him "it was a long-standing issue and that it was well-known in the Zone." Zywiec also spoke to Jerry Culp who said that "he had noticed it himself and that he believed it was a long-standing issue in the Zone." Zywiec testified that another employee, Jeff Marlowe, approached him and said that Plaintiff had "a long-standing issue of having bad body odor intermittently" and that he kept a can of air spray in his office to use when Plaintiff left the office. Zywiec testified that Master Sergeant Frank Young also approached him and said that several times when Plaintiff had come to his office for training she had a bad odor that was "terrible" and required him to air out his office afterwards. Zywiec testified that Ben Halloran brought up Plaintiff's odor problem and Brian Henn talked about Plaintiff's intermittent bad odor. Zywiec testified that two of Plaintiff's former supervisors, Steve Fermon and John Strohl, confirmed that they had noticed an odor problem with Plaintiff. Edie Casella, another former commander, said that she had not noticed a problem.

Zywiec testified that he spoke with Colonel Diane Carper, his supervisor, about how to handle the problem. Carper concurred with Zywiec's suggestion that they hold a meeting to "see how we could do this in a kind manner and professional manner with her." Zywiec testified that he subsequently met with Susan Yokley from EEO, someone from personnel, and either Carper or Ken Yelliott.[2] Zywiec testified that Yokley was included because it was a "sensitive issue" and Plaintiff had previously filed a charge of discrimination. Zywiec testified that they decided that he should contact Al Lewin, who was in charge of Defendant's Human Services Department, to seek advice on the right way to approach this kind of issue.

Zywiec testified that Lewin recommended that Jill Allen, a Human Services employee who was a psychologist, would be the appropriate person to approach Plaintiff about the issue. Following another meeting, it was decided Zywiec would set up a meeting between Plaintiff and Allen. On June 7, 2004, Zywiec gave Plaintiff a memorandum which stated:

> I am concerned you may have a personal hygiene condition that is negatively impacting our work environment. I am not charging you with wrongdoing; however, I feel I would be remiss in my duties as a supervisor if I did not attempt to address the issue. Because I consider the matter private and confidential, I have scheduled a meeting for you with Sergeant Jill Allen, who is from the Illinois State Police, Human Services Section and is more qualified to address this situation with you than I am.

---

[2] Zywiec testified that he could not remember if Carper attended the meeting or if Yelliott was taking Carper's place during this meeting.

> The meeting is scheduled for tomorrow at 1:00 P.M. in my office and should be considered mandatory. I will not be in attendance, but I am confident Sergeant Allen will be able to answer any questions you may have. Thank you for your cooperation.

Zywiec testified that Allen informed him by e-mail that the meeting did not go well and Plaintiff denied that she had any kind of problem. Zywiec testified that he later set up a meeting with Plaintiff, but Plaintiff met with him with her union representative and said that she was not talking.

On June 30, 2004, Plaintiff presented Zywiec with a note written by her doctor, Robert Boone, M.D., which was dated June 29, 2004. The note stated, "I examined Ms. Phillips[,] she does not have any abnormal odors or hygiene problems." Dr. Boone also wrote a note, dated June 30, 2004, which stated that Plaintiff would be unable to work for 45 working days because of "multiple ongoing medical concerns." Plaintiff's request for leave under the Family Medical Leave Act was subsequently approved. Plaintiff has not returned to work for Defendant and resigned effective September 30, 2004.

Zywiec testified about a situation he handled regarding complaints that Lieutenant Jerry Culp was expelling gas through flatulence in the presence of other employees. Zywiec discussed the problem with other employees and spoke with Culp three times about the problem. Zywiec also placed a memorandum in Culp's personnel file indicating that any further conduct could result in discipline. Zywiec testified that the memorandum has since been removed from Culp's file. It is undisputed that, other than the situations involving Plaintiff and Culp, Zywiec has never had any other complaints about the body odor or hygiene of employees.

On July 22, 2004, Plaintiff filed a charge of discrimination with the EEOC and the Illinois Department of Human Rights. Plaintiff alleged that she suffered harassment and retaliation after she filed her earlier charges of discrimination and after she complained of harassment in a meeting with Carper in August 2003.[3] After she received a Notice of Right to Sue from the EEOC, Plaintiff filed her Complaint (#1) in this court claiming retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3. On September 29, 2006, the parties filed a Stipulation (#18) which stated that the "alleged retaliatory conduct at issue in this case is limited to those issued pertaining to Ruby Gordon-Phillips' personal hygiene and the reactions of Bruce Zywiec to the alleged hygiene issues."

ANALYSIS

I. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). "A genuine issue for trial exists only when a reasonable jury could find for the party opposing the motion based on the record as a whole." Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000), quoting

---

[3] It is now undisputed that, in her conversation with Carper, Plaintiff did not indicate that she was opposing any conduct that was prohibited by Title VII. It is also undisputed that Plaintiff has no evidence that Zywiec knew about Plaintiff's conversation with Carper.

5

Pipitone v. United States, 180 F.3d 859, 861 (7th Cir. 1999). In making this determination, the court must consider the evidence in the light most favorable to the party opposing summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970); Adams v. Wal-Mart Stores, Inc., 324 F.3d 935, 938 (7th Cir. 2003). In addition, the summary judgment standard is applied with special scrutiny to employment discrimination cases, which often turn on the issues of intent and credibility. Michas, 209 F.3d at 692. However, even in an employment discrimination case, neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment. Michas, 209 F.3d at 692.

## II. RETALIATION CLAIM

Defendant argues that it is entitled to summary judgment on Plaintiff's retaliation claim because Plaintiff was not subject to actions which were sufficiently materially adverse to support a claim under 42 U.S.C. § 2000e-3, because Plaintiff cannot establish a causal connection between her protected conduct and any adverse action, and because Plaintiff cannot show that she was treated differently than any similarly situated employee who did not complain of discrimination. In her Response, Plaintiff concedes that she has no evidence of causation and must proceed using the indirect method of establishing a prima facie case of retaliation. However, Plaintiff contends that she has sufficient evidence under the indirect method to create a genuine issue of material fact for trial.

Title VII of the Civil Rights Act of 1964 forbids an employer from "discriminat[ing] against" an employee because that person "opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII proceeding or investigation. Burlington N.

& Sante Fe Ry. Co. v. White, 126 S. Ct. 2405, 2408 (2006), citing 42 U.S.C. § 2000e-3(a). To prevail on a claim of Title VII retaliation under the direct approach, a plaintiff must present evidence of: (1) a statutorily protected activity; (2) an adverse action; and (3) a causal connection between the two. Burks v. Wis. Dep't of Transp., 464 F.3d 744, 758 (7th Cir. 2006). As noted, Plaintiff has conceded that she has no evidence of causation in this case and must proceed using the indirect method. In order to establish a prima facie case of Title VII retaliation under the indirect approach, a plaintiff must offer evidence of the following: (1) that she engaged in statutorily protected activity; (2) that she was performing her job satisfactorily; (3) that she was subject to a materially adverse action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. Moser v. Ind. Dep't of Corr., 406 F.3d 895, 903-04 (7th Cir. 2005); see also White, 126 S. Ct. at 2415; Burks, 464 F.3d at 759.

There is no dispute in this case that Plaintiff engaged in protected activity based upon her prior charges of discrimination which resulted in a settlement agreement. Defendant also does not argue that Plaintiff cannot meet her burden to show the second element of the prima facie case, that she was performing her job satisfactorily. Defendant does argue, however, that Plaintiff cannot show the third or fourth elements of the prima facie case. As far as the third element, Defendant contends that Plaintiff cannot show that the actions taken by Zywiec amounted to a materially adverse action based upon the decision of the United States Supreme Court in White. Based upon the decision in White, it is now settled that retaliation to be actionable does not need to take the form of an adverse employment action. Nair v. Nicholson, 464 F.3d 766, 768 (7th Cir. 2006), citing White, 126 S. Ct. at 2409, 2414. However, the Supreme Court stated that the actions must amount to more than "petty slights or mild annoyances." White, 126 S. Ct. at 2415; Nair, 464 F.3d at 768.

"The test is whether the conduct alleged as retaliation would be likely to deter a reasonable employee from complaining about discrimination." Nair, 464 F.3d at 768-69, citing White, 126 S. Ct. at 2409, 2415-16.

Defendant contends that Zywiec's conduct in bringing his concerns about Plaintiff's body odor to her attention by ordering Plaintiff to attend a meeting with Jill Allen cannot be considered a materially adverse action. In her Response, Plaintiff argues that she was falsely accused of having a foul body odor, in a most humiliating fashion. She also argues that Zywiec subjected her to humiliation by discussing the matter with many people in Zone 5 as well as others who had previously worked with her. Plaintiff contends that Zywiec's actions were not simply a petty slight or an annoyance and would deter someone from filing a charge of discrimination. This court concludes that it does not need to decide this issue because it agrees with Defendant that Plaintiff cannot meet her burden to show the fourth necessary element of her prima facie case.

This court agrees with Defendant that Zywiec cannot show there was a comparable employee who was similarly situated to her in all material respects who was treated differently. This court concludes that Plaintiff cannot meet her burden to show that she was treated less favorably than a similarly situated employee who did not engage in protected activity. In order for an individual to be similarly situated to Plaintiff, Plaintiff must show that the individual is "directly comparable to her in all material respects." Burks, 464 F.3d at 751, quoting Patterson v. Avery Dennison Corp., 281 F.3d 676, 680 (7th Cir. 2002). Factors relevant to this inquiry include whether the employees reported to the same supervisor, whether the employees were subject to the same standards and whether the employees had comparable education, experience and qualifications. Burks, 464 F.3d at 751; Radue v. Kimberly Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000).

In her Response, Plaintiff contends that she was similarly situated to her co-worker, Nancy Shunk, who did not complain of discrimination and was not subjected to humiliating accusations of body odor by Zywiec. This court agrees with Defendant that Shunk cannot be considered similarly situated to Plaintiff. First of all, Plaintiff testified that she was Shunk's supervisor and it is undisputed that Plaintiff was supervised by Zywiec. Therefore, the evidence shows that Plaintiff and Shunk did not report to the same supervisor. Second, there is no evidence that any reports of body odor were made regarding Shunk. In fact, it is undisputed that Zywiec did not receive any complaints about body odor or hygiene other that the situations involving Plaintiff and Culp.

Plaintiff also contends that Defendant's suggestion that she was treated similarly to Culp is not supported by the evidence. Plaintiff argues that they were treated differently because she disputes that she has any kind of odor problem while Culp did not deny that he had a problem. Plaintiff "maintains that she did not have an odor and this is backed up by her physician." This court agrees with Defendant that this argument is completely without merit. Plaintiff did present Zywiec with a note from her doctor, dated June 29, 2004, which stated that he examined Plaintiff and Plaintiff did not have any abnormal odors or hygiene problems. Defendant is correct that this examination, three weeks after Zywiec brought the hygiene issue to Plaintiff's attention, does not reflect the state of Plaintiff's hygiene during the relevant period. The doctor's note is evidence of Plaintiff's condition on June 29, 2004, only. As such, it simply cannot rebut or raise a genuine issue of material fact regarding Zywiec's testimony that he noticed a "pungent odor" shortly after he began supervising Plaintiff and that numerous other employees and former supervisors either confirmed a "long-standing" problem with body odor or complained to him that Plaintiff had an intermittent bad body odor. Plaintiff does not contend that there were any real differences in the

way Zywiec handled the situation with Culp, who had not complained of discrimination, and the situation with Plaintiff, who had. Consequently, Plaintiff cannot maintain that only she, and not a similarly situated employee who did not complain of discrimination, was subject to the same type of adverse action of which she complains. See Treadwell v. Office of Ill. Sec'y of State, 455 F.3d 778, 782 (7th Cir. 2006).

This court therefore agrees with Defendant that Plaintiff has not presented evidence to support the "similarly situated" employee element of her prima facie case of retaliation. Accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's claim.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Summary Judgment (#19) is GRANTED.

(2) Judgment is entered in favor of Defendant and against Plaintiff on Plaintiff' Complaint (#1).

(3) This case is terminated. Accordingly, the final pretrial conference scheduled for January 22, 2007, and the jury trial scheduled for February 5, 2007, are hereby VACATED.

ENTERED this 8th day of November, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE